Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4511 | **DATE** | 8/31/2001 |
| **CASE TITLE** | Mohammed Hamid vs. Blatt, Hasenmiller et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The 12(b)(6) motion to dismiss [19-1], [12-1] brought by defendant Blatt, Hasenmiller, Leibsker, Moore & Pellettieri is denied. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | SEP 0 4 2001 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | 01 AUG 35 AM 8:06 — date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMED HAMID, on behalf of )
himself and all others similarly situated, )
)
       Plaintiff, )
) No. 00 C 4511
v. )
) Wayne R. Andersen
BLATT, HASENMILLER, LEIBSKER, ) District Court Judge
MOORE & PELLETTIERI, and )
UNIFUND CCR PARTNERS, and )
UNIFUND CORP., )
)
       Defendants. )

DOCKETED
SEP 0 4 2001

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Fed.R.Civ.P. 12(b)(6) Motion to Dismiss brought by defendant Blatt, Hasenmiller, Leibsker, Moore & Pellettieri ("Blatt"). For the following reasons, the motion is denied.

## BACKGROUND

This case stems from a case filed by Blatt in the Circuit Court of Cook County. Blatt was representing Unifund CCR Partners, also a defendant in the instant suit. In that case, Blatt filed a Complaint claiming that Hamid defaulted on $834.99 on a "Montgomery Wards account, account number 400707391." The Complaint stated that interest had been accruing at a rate of 1.80% per month and that $2,386.93 in interest was due plus a reasonable attorney's fee of $350. Therefore, the Complaint demanded $3,571.92 plus costs.

According to the instant First Amended Complaint Hamid received collection letters from Blatt demanding payment of an alleged debt. He called to inquire into the matter and never

received a response. Months later he received another collection letter and was served with the Circuit Court Complaint. On the trial date, Blatt attempted to dismiss the case pursuant to agreement, but Hamid's counsel denied the existence of an agreement and the case was placed on the trial call. Blatt then moved to voluntarily dismiss the case without prejudice. The Circuit Court granted the motion, but awarded costs to Hamid.

Hamid filed the instant class action First Amended Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692e(2), 1692f and 1692f(1). In the First Amended Complaint, Hamid alleges that Blatt violated the FDCPA by filing a lawsuit asking for amounts that it should have known were not legally enforceable because the statute of limitations barred the lawsuit. Furthermore, Hamid alleges that Blatt violated the FDCPA by attempting to request more interest than it was entitled to collect, attempting to collect interest barred by the statute of limitations, and attempting to collect attorneys fees.

## DISCUSSION

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir.1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that

2

could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In the instant motion, Blatt seeks to dismiss Counts I and II against it because it argues that the filing of the lawsuit was not outside the statute of limitations or, alternatively, a good faith argument exists that the filing of the lawsuit was not outside the statute of limitations. In Illinois, the statute of limitations on a debt which arises from a sale of goods is four years. 810 ILCS 5/2-725. However, the statute of limitations for breach of a written contract is ten years. 735 ILCS 5/13-206.

There is little law on this subject and it is not entirely clear which statute of limitations should apply to a credit card debt. In situations in which the financing is provided by the merchant, then the four year statute of limitations should apply because the transaction is one for the sale of goods and the financing aspect is merely a portion of that arrangement. Citizen's Nat'l Bank of Decatur v. Farmer, 395 N.E.2d 1121, 1123, 77 Ill.App.3d 56 (4th Dist. 1979). However, if the financing is provided by a third party, then the suit is one based on the written contract to provide credit and the appropriate statute of limitations is ten years. Harris Trust & Savings Bank v. McCray, 316 N.E.2d 209, 210-11, 21 Ill.App.3d 605 (1st Dist. 1974).

In the instant case, plaintiff alleges that he obtained the credit card from Montgomery Ward and used it to finance purchases made from Montgomery Ward. Therefore, according to the pleadings, the four year statute of limitations should apply because the predominant aspect of the interaction is a sale of goods. Blatt asks us to take judicial notice of the fact that the credit card was issued by Montgomery Ward Credit Corporation, a separate and distinct corporation from the vendor Montgomery Ward. However, in the Complaint filed before the Circuit Court

Blatt alleged that it was a "Montgomery Wards account." Furthermore, plaintiff alleges that the credit card was issued by Montgomery Ward. At the motion to dismiss stage, those allegations are sufficient because we can imagine a set of facts under which, even if the two corporations are distinct, the closeness of the two corporations means that the four year statute of limitations should apply.

Blatt further argues that, even if the statute of limitations is four years, it did not and could not have knowingly violated the FDCPA because the question of law is so close. A violation of 15 U.S.C. § 1692e must be knowing and intentional. Transamerica Financial Services v. Sykes, 171 F.3d 553, 555 note 2 (7th Cir. 1999)(citing Ducrest v. Alco Collections, Inc., 931 F.Supp. 459, 462 (M.D.La. 1996)). Defendant's argument is compelling, but does not carry the day. Defendant is a law firm. The precedent which forms the basis of this, admittedly close, distinction is over twenty years old. Furthermore, defendant is in the business of representing debt collectors. The possibility that defendant knew the difference between a credit card provided by a vendor and a credit card provided by a third party is not an impossible assumption given that defendant is a law firm. As a matter of law, we cannot decide that defendant could not have acted knowingly in the alleged violation of plaintiff's rights under the FDCPA because the question of law was close. Therefore, defendant's motion is denied.

## CONCLUSION

The 12(b)(6) Motion to Dismiss brought by defendant Blatt, Hasenmiller, Leibsker, Moore & Pellettieri is denied.

It is so ordered.

_W. C._
Wayne R. Andersen
United States District Judge

Dated: August 31, 2001