Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4511 | **DATE** | 11/30/2001 |
| **CASE TITLE** | Mohammed Hamid vs. Blatt, Hasenmiller et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Motion for class certification [27-1] is granted in part and denied in part. The defendants motion to dismiss [19-], [12-1] are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 03 2001 | |
| | Notified counsel by telephone. | | date docketed | 49 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | '01 NOV 33 AH 8:09 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOHAMMED HAMID,            )
on behalf of himself and   )
all others similarly situated, )
                           )
              Plaintiff,   )
                           )   No. 00 C 4511
        v.                 )
                           )   Judge Wayne R. Andersen
BLATT, HASENMILLER, LEIBSKER, )
MOORE & PELLETTIERI, and   )
UNIFUND CCR PARTNERS, and  )
UNIFUND CORPORATION,       )
                           )
              Defendants.  )

**DOCKETED**

DEC 0 3 2001

## MEMORANDUM, OPINION AND ORDER

Plaintiff, Mohammed Hamid, brings this putative class action on behalf of himself and those similarly situated against Defendants Blatt, Hasenmiller, Leibsker, Moore & Pellettieri ("Blatt Hasenmiller") and Unifund CCR Partners and Unifund Corp. ("Unifund") (collectively the "Defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff now moves for class certification pursuant to Federal Rule of Civil Procedure 23. Concurrent with the class certification motion, the Defendants have filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Hamid's motion for class certification is granted in part and denied in part. The Defendant's motion to dismiss is also granted in part and denied in part.

49

## BACKGROUND

Mohammed Hamid, the putative class representative, resides in Illinois. Defendant Unifund regularly engages in the collection of consumer debts purchased after default. Defendant Blatt Hasenmiller engages in the collection of consumer debts allegedly owed to others. For the purposes of this case, Blatt Hasenmiller was the law firm retained by Unifund to assist in the legal process of collecting on the debt which Unifund purchased from other entities.

According to his complaint, Hamid, on several occasions between 1989 and 1991, bought goods from Montgomery Ward & Co. During this time, he used a Montgomery Ward credit card to finance his purchases. Hamid asserts that he paid off the entire balance on his Montgomery Ward account sometime in 1991, and that he never received any late-payment notices from that company. On July 26, 1999, however, Hamid received a collection letter from Unifund stating that he still owed money on his Montgomery Ward account, and that Unifund had purchased the account. After receiving Unifund's letter, Hamid called Unifund and disputed the alleged debt. The Unifund representative indicated that he would inquire into the matter but he never contacted Hamid regarding his findings.

Subsequently, Hamid received two identical form collection letters from Blatt Hasenmiller dated August 24, 1999 demanding payment to Unifund of the alleged debt. Again, upon receiving these letters, Hamid contacted Blatt Hasenmiller to discuss the disputed charges, and, once again, Hamid did not receive a response to his inquiries. Months later, Hamid received another collection letter along with a verified complaint filed in the Circuit Court of Cook County. Ultimately, on the date the case was set for trial, Blatt Hasenmiller moved to voluntarily dismiss the verified complaint without prejudice. The trial court granted the motion, but awarded costs and expenses to Hamid.

Hamid filed the instant class action complaint alleging violations of the FDCPA. Specifically, Hamid contends that Unifund and Blatt Hasenmiller violated the FDCPA by attempting to collect debts they should have known were not legally enforceable because the statute of limitations on debts arising from the sale of goods had expired. Furthermore, Hamid alleges that Unifund and Blatt Hasenmiller violated the FDCPA by seeking more interest than they were entitled to collect, collecting interest barred by the statute of limitations, and collecting improper attorneys fees. Finally, the plaintiff contends that any judgment Unifund obtained on a time-barred debt was also a violation of the FDCPA.

In the instant motion for class certification, Hamid seeks to certify two classes pursuant to Federal Rule of Civil Procedure 23. The first class (or Class A using Hamid's label) has been defined by Hamid as having the following three characteristics: (a) Class A consists of all persons from whom Unifund sought to collect an alleged debt arising from the sale of goods by Montgomery Ward & Co.; (b) individuals in Class A must posses an alleged debt that is over four years old; and (c) Unifund must have initiated their allegedly improper collection activity within one year of the filing of the complaint. Hamid also seeks certification of a subclass to Class A consisting of all persons in Class A against whom Unifund has obtained a judgment on the underlying debt. The second class (or Class B) has a similar set of characteristics: (a) Class B consists of all persons from whom Blatt Hasenmiller sought to collect an alleged debt on behalf of Unifund arising from the sale of goods by Montgomery Ward & Co.; (b) individuals in Class B must possess an alleged debt that is over four years old; and (c) Unifund and Blatt Hasenmiller must have initiated their allegedly improper collection activity within one year of the filing of the complaint. As with Class A, Hamid

3

also seeks certification of a subclass to Class B consisting of all persons in Class B against whom Unifund has obtained a judgment on the underlying debt.

In conjunction with the motion for class certification, the Defendants have also filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In essence, the Defendants argue that the complaint should be dismissed because we allegedly do not have jurisdiction because Hamid's complaint would require us to review state court judgments against certain class members. According to the Defendants, this review would violate the *Rooker-Feldman* doctrine. For purposes of the following opinion, we will address the class certification motion first and then address the Defendants' motion to dismiss.

## DISCUSSION

### I. Class Certification

The Fair Debt Collection Practices Act expressly provides for class certification to enforce its provisions. *See* 15 U.S.C. § 1692k(a)(2)(B). The party seeking to enforce the FDCPA through the class mechanism has the burden of establishing that class certification is proper under Rule 23. *Retired Chicago Police Assoc. v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). The Court must determine the propriety of class certification with reference to the requirements of Rule 23 and not to whether the plaintiff will ultimately prevail on the merits of his claim. "[N]othing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177, 94 S.Ct. 2140 (1974).

In determining whether class certification is proper under Rule 23, the Court must undertake a two-step analysis. The Court must first determine whether the initial requisites for class

4

certification delineated in Rule 23(a) are satisfied: (1) that the class is so numerous that joinder of all members is impracticable (numerosity); (2) that there are questions of law or fact common to the class (commonality); (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) that the representative parties will fairly and adequately protect the interests of the class (adequacy of representation). Second, the Court must determine whether the proposed class satisfies one of the sub-parts of Rule 23(b). In this case, Hamid seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). With these principles in mind, we turn to whether Hamid has satisfied the requirements under Rule 23 for class certification.

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all class members is impracticable." Fed.R.Civ.P. 23(a)(1). Because there is no mystical number at which the numerosity requirement is established, courts have found this element satisfied when the putative class consists of as few as 10 to 40 members. *See Markham v. White*, 171 F.R.D. 217, 221 (N.D. Ill. 1997) (35-40 class members); *Hendricks-Robinson v. Excel Corp.*, 164 F.R.D. 667, 671 (C.D. Ill. 1996) (38 class members); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1983) (29 class members). Although the plaintiff need not allege the exact number or identity of the class members, the plaintiff ordinarily "must show some evidence or reasonable estimate of the number of class members." *Long v. Thornton Township High Sch. Dist.*, 82 F.R.D. 186, 189 (N.D. Ill. 1979). The Court is permitted to "make common sense assumptions in order to find support for numerosity."

*Cannon v. Nationwide Acceptance Corp.*, 1997 WL 139472, at *2 (N.D. Ill. March 25, 1997) (*quoting Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983)).

Hamid does not allege the total number of individuals included in the proposed class. Nonetheless, we believe that it is appropriate to assume that the number of potential class members satisfies the numerosity requirement when, as here, the Defendants allegedly used preprinted, standardized debt collection letters in attempting to collect on the Montgomery Ward debt. *See Peters v. AT&T*, 179 F.R.D. 564, 567-68 (N.D. Ill. 1998) ("Based on these facts it is reasonable to infer that many individuals received the form collection letter and that joinder of all the individuals would be impracticable."); *Cannon*, 1997 WL 139472 at *3 (noting that form letters militate in favor of a finding of numerosity). Under these circumstances, a common sense approach reveals that the Defendants likely sent similar collection letters to a significant number of individuals. Therefore, we believe that the numerosity requirement of Rule 23(a)(1) has been satisfied.

B. <u>Commonality</u>

Under Rule 23(a)(2), "questions of law or fact common to the class" must exist before a class may be certified. Fed.R.Civ.P. 23(a)(2). A plaintiff may ordinarily satisfy the commonality requirement be showing that there is "at least one question of law or fact common to the class." *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 164 F.R.D. 659, 663 (N.D. Ill. 1996) (citations omitted). Perhaps more importantly here, when a "question of law refers to a standardized conduct by defendants toward members of the class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met." *Moore v. Simpson*, 1997 WL 570769, at *3 (N.D. Ill. Sep. 10, 1997) (internal quotations omitted); *see also Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) ("A common nucleus of operative fact is usually enough to satisfy the

commonality requirement of Rule 23(a)(2).")). Class certification will not be defeated solely because there are some factual variations among the grievances of the class members. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998); *Patterson v. General Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1981).

We conclude that Hamid has met the requirements of Rule 23(a)(2). Specifically, we find that the case at bar presents the following three common questions of law as to the different proposed classes: (1) whether Defendants violated § 1692e and § 1692e(2) of the FDCPA by misrepresenting the character, amount or legal status of the debts allegedly owed; (2) whether Defendants violated § 1962f and § 1962f(1) of the FDCPA by trying to collect amounts not expressly authorized by agreement or permitted by law; and (3) whether Defendant Unifund violated § 1962g of the FDCPA by mailing collection letters that allegedly communicate ineffectively the validation notice to an unsophisticated consumer. These common questions of law all derive from the Defendant's standardized conduct in attempting to collect on the purported past due Montgomery Ward debt. Accordingly, we conclude that, since the claims arise from the Defendants' standardized collection notices, this is "a classic case for treatment as a class action." *Keele v. Wexler*, 1996 WL 124452, at *4 (N.D. Ill. March 19, 1996) (*citing Haroco, Inc. v. American Nat'l Bank & Trust*, 121 F.R.D. 664, 669 (N.D. Ill. 1988)).

Defendants, however, dispute that the commonality requirement has been satisfied by arguing that "Plaintiff has failed to establish commonality under Rule 23(b)(3) since commonality only exists if the questions which are common to the class predominate over questions requiring individualized proof." (Mem in Opp. at 12; Sur-Reply in Opp. at 4.) The Defendants are in error. First, the commonality requirement can be found in Rule 23(a)(2). Second, the commonality requirement is

7

distinct and independent from the predominance requirement of Rule 23(b)(3), which will be discussed below. As it appears then that the Defendants do not challenge commonality, we find that the requirements of Rule 23(a)(2) have been satisfied.

C. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *See Rosario*, 963 F.2d at 1018; *Sanders v. OSI Educ. Services, Inc.*, 2001 WL 883608, at *2 (N.D. Ill. Aug. 3, 2001); *Ruiz v. Stewart Assoc., Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (internal quotations omitted). Therefore, the typicality prong "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of the other class members." *Id.*

Hamid asserts that the typicality requirement has been satisfied in this case because the Defendants' "standard practice of seeking to collect time-barred debts gives rise" to the claims of both Hamid personally and the members of the putative classes. Additionally, Hamid argues that Unifund's conduct in sending form collection letters that "ineffectively communicate the required validation notice" also forms the basis for both his and Class A's claims. In response to these contentions, the Defendants argue that the typicality requirement has not been met because, unlike other potential class members, Hamid's alleged debt purportedly originated with a third-party financing company, which means that his debt would be governed by a ten-year rather than a four-

year statute of limitations. Additionally, the Defendants argue that Hamid's claims are not typical of the class he wishes to represent because Unifund allegedly has a setoff or counterclaim against some putative class members on their alleged debts, while no such counterclaim can be asserted against Hamid as he paid off his debt in full. We will address each of these arguments in turn.

First, the Defendants contend that whether Hamid's debt "arises from a sale of goods" and is, in fact, time-barred depends on an "individualized factual analysis of whether the financing of the credit card debt was given by the seller of the goods or a third party financier." (Mem in Opp. at 7.) This importance of this distinction to the Defendants is that, if the debt arises from a sale of goods, then a four-year statute of limitations applies. However, if a third party financed the transaction, a ten-year statue of limitations applies. Regardless of this substantive distinction, however, we find the argument irrelevant to the issue of typicality for the purposes of class certification.

It is axiomatic that a plaintiff does not have to prove the merits of his, or the class members', claims at the certification stage. *See Sanders*, 2001 WL 883608 at *2 (plaintiff does not need to show how he will prove his case to sustain a class certification motion); *Hoffman v. Grossinger Motor Corp.*, 1999 WL 184179, at *2 (N.D. Ill. Feb. 26, 1999) (a court must determine the propriety of class certification with reference to the Rule 23 requirements and not to whether the plaintiff will ultimately prevail on the merits); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347, 353-54 (N.D. Ill. 1998) (in deciding class certification, one must "refrain from examining the merits of the case."). The Defendants seek to violate this cardinal rule by asking us to deny class certification because Hamid has not conclusively established the legal validity of his statute of limitations argument. We decline the invitation. While we need not address the merits of the Defendants' argument in this regard, we are certain that the issue of which statute of limitations should be applied in this case can

be easily resolved at trial. Accordingly, we conclude that Hamid's time-barred debt claim is typical of the putative class members' time-barred debt claims.

Next, Defendants contend that Hamid's claims are not typical of the class he seeks to represent because Unifund allegedly has a potential setoff or counterclaim against some class members on their alleged debts while Hamid himself is not subject to such a counterclaim because he satisfied his Montgomery Ward debt. This argument must be rejected because, as Hamid correctly points out in his papers, the counterclaims about which the Defendants argue are wholly speculative. The Defendants have offered no proof establishing that they have a potential counterclaim against any putative class member, and they have not raised the possibility of a counterclaim in their answers to Hamid's complaint. As the Seventh Circuit has held, speculative conflicts cannot hinder the certification of a class. *See Rosario*, 963 F.2d at 1019. Further, in *Blair v. Equifax Check Services, Inc.*, 1999 WL 116225, at *4 (N.D. Ill. Feb. 26, 1999), Judge Plunkett of this Court held that, though a defendant may ultimately assert a counterclaim against certain class members, that fact alone is insufficient to "create antagonism between the named plaintiffs and other class members." Judge Plunkett also concluded that a successful counterclaim would not affect the named plaintiff's representation of the class, but rather would only mandate an offset from the recovery of the individual class member. *Id.* Therefore, we conclude that Hamid's claims and those of the putative class members are coextensive in that all allege the Defendants are liable under the FDCPA. The typicality requirement has been satisfied.

D. Adequacy of Representation

The adequacy of representation prong requires that the class representative have a sufficient stake in the outcome to ensure zealous advocacy, that the class representative does not have

antagonistic or conflicting claims with other class members, and that counsel for the named plaintiff is experienced, qualified, and generally able to conduct the litigation. *See Retired Chicago Police Ass'n*, 7 F.3d at 598; *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (citations omitted).

The only argument Defendants raise on the issue of adequacy of representation is that Hamid's interests conflict with the class members because he is willing to vigorously pursue their claims irregardless of the alleged potential counterclaims the Defendants could assert against certain class members. This is simply a rehashing of the same argument the Defendants raised in attacking the typicality element. Accordingly, we reject the Defendants' adequacy of representation argument for the same reasons we rejected the Defendants' typicality argument. Hamid has satisfied the adequacy of representation requirement of Rule 23(a)(4).

E.   Predominance

Next we turn to the provisions of Rule 23(b). Certification under Rule 23(b)(3) is appropriate if (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001); *Kremnitzer v. Cabera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001).

In his papers, Hamid has argued that common questions of law and fact predominate over individual questions because "the crux of this case is whether Defendants' standard practice of trying to collect a portfolio of time-barred Montgomery Ward accounts and unowed interest and attorneys' fees violated the same provisions of the FDCPA in the same manner." (Pltf. Reply Brief at 6.) In

a rather convoluted and confusing response to Hamid's position, the Defendants argue that individual issues predominate over the class issues because class certification would require the Court to engage in an impossible examination of which statute of limitations applies to each class member's claims under differing state law. Further, the Defendants claim that class certification is improper because Hamid's definition of the class would require the Court to determine on an individual basis when each of the proposed class members allegedly breached their credit agreements compared to when Unifund or Blatt Hasenmiller initiated their collection efforts. We reject these arguments.

As we discussed above, the issue of what statute of limitations should apply to the facts of this case is a decision this Court need not make at this time. The only question before us is whether Hamid has pled in his motion the requisite elements of Rule 23. *See Sanders*, 2001 WL 883608 at *2. The Defendants' attempt to hinder this process by continuously raising their statute of limitations argument is unavailing, and it does not dissuade us from our conclusion that the class issues predominate over any individual issue which may be raised. Further, the Defendants' argument that the Court will have to make individualized timing determinations to ascertain when the class members allegedly breached their credit agreement is equally unpersuasive. As Hamid has correctly pointed out, by definition the only individuals included in the putative class are those whose debts were over four years old when Defendants tried to collect them. If, during the course of this litigation, it becomes apparent that the Defendants attempted to recover a class member's debt that was less than four years old, it would be very easy for this Court to rectify that problem. Therefore, we conclude that the class issues (i.e. whether the Defendants' attempts to collect time-

barred debt, to collect amounts not provided by the credit agreement, and their use of improper form collection letters violate the FDCPA) predominate over any perceived individual issues.

F.  Superiority

Pursuant to Rule 23(b)(3), a class action must be superior to other available methods for the fair and efficient adjudication of the controversy. *See Szabo*, 249 F.3d at 676. The Defendants argue that the class action mechanism is not superior to individual FDCPA causes of action because the highest possible recovery for any class member would be less than one cent each. Instead, Defendants suggest that the maximum statutory recovery provided by the FDCPA, which is $1,000 pursuant to 15 U.S.C. § 1692k, makes individual actions far superior to a class action. On this point, the Defendants are wrong.

As the Seventh Circuit has held, a *de minimis* recovery should not automatically bar a class action. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). The reasons for this are obvious. Because the potential recovery on FDCPA claims is quite small, few individual plaintiffs are willing to devote the considerable time and expense that an individual action requires to effectively prosecute such a claim. The $1,000 maximum statutory recovery "does not provide the incentive for any individual to bring solo action prosecuting his or her rights." *Id.* Rather, "[a] class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Id.*

Further, we agree with Hamid that certification, with its concomitant obligation to provide notice to all potential class members, is necessarily a superior approach in a FDCPA case such as this one. The FDCPA was enacted to protect unsophisticated consumers who may be unaware that the actions of the Defendants in this case potentially are violations of federal law. *See Gammon v.*

*G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994) (unsophisticated consumer standard governs FDCPA claims). Notice to class members ensures that people are informed of their FDCPA rights, including the right to opt out of the class if they would prefer to seek the $1,000 statutory maximum rather than join the class. *See* Fed.R.Civ.P. 23(c)(2)(A). We conclude that this approach maximizes class member recovery and leaves intact the deterrent effect the FDCPA was meant to create. Accordingly, a class action in this case is clearly superior to individual FDCPA actions.

Therefore, having found that the Rule 23 requirements are satisfied, we grant Hamid's motion to certify Class A and Class B. Class A is defined as all persons:(a) from whom Unifund sought to collect an alleged debt arising from the sale of goods by Montgomery Ward; (b) whose alleged debt was over four years old; and (c) for whom the allegedly improper collection activity occurred within one year of the filing of the complaint. Class B is defined as all persons: (a) from whom Blatt Hasenmiller sought to collect an alleged debt on behalf of Unifund arising from the sale of goods by Montgomery Ward; (b) whose alleged debt was over four years old; and (c) for whom the allegedly improper collection activity occurred within one year of the filing of the complaint. However, for the reasons stated below, we must deny Hamid's motion for class certification with respect to Subclass A and Subclass B.

## II. Defendants' Motion to Dismiss

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends upon the purpose of the motion. *See Freiburger v. Emery Air Charter, Inc.*, 795 F. Supp. 253, 256 (N.D. Ill. 1992). If the defendant challenges the sufficiency of the allegation regarding subject matter jurisdiction, the court must accept all well-pleaded factual allegations as

14

true and draw all reasonable inferences in favor of the plaintiff. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208 (7th Cir. 1996). If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the court may properly "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (citations omitted).

In this case, Defendants argue that the Court does not have jurisdiction to hear Hamid's class action allegations and that we do not have subject matter jurisdiction to certify the putative class. Specifically, Defendants point to the *Rooker-Feldman* doctrine as the legal basis for their motion to dismiss Hamid's complaint. For the following reasons, we grant the motion in part and deny the motion in part.

The *Rooker-Feldman* doctrine derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983). This doctrine essentially precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See Rooker*, 263 U.S. at 415-16; *Feldman*, 460 U.S. at 482 n.16. As the Seventh Circuit has instructed, the *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court

judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (*citing Rooker*, 263 U.S. at 415-16; *Long*, 182 F.3d at 554).

In assessing the applicability of the *Rooker-Feldman* doctrine in a particular case, the Seventh Circuit has held that "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long*, 182 F.3d at 555 (*quoting Garry v. Gelis*, 82 F.3d 1362, 1365 (7th Cir. 1996)). "If the injury alleged resulted from the state court judgment itself, the *Rooker-Feldman* doctrine dictates that the federal courts lack subject matter jurisdiction, even if the state court judgment was erroneous or unconstitutional." *Id.* (*quoting Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 702 (7th Cir. 1998)). "By contrast, if the alleged injury is distinct from the state court judgment and not inextricably intertwined with it, the *Rooker-Feldman* doctrine does not apply, although the doctrines of claim and issue preclusion may be available." *Id.* The key inquiry is "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." *Id.* (*quoting Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)). Accordingly, there is a distinction between a federal claim alleging injury caused by a state court judgment and a federal claim alleging a prior injury that a state court failed to remedy. *Id.* "A federal court is precluded from considering the former, but not the latter, under the *Rooker-Feldman* doctrine." *Id.*

At the outset, we note that the Defendants' motion to dismiss encompasses Hamid's complaint in its entirety. Presumably, the Defendants believe that all of Hamid's allegations either attack certain state court judgments or are "inextricably intertwined" with them. We disagree. The allegations in the complaint concerning Class A and Class B do not implicate state court judgments. Rather, we conclude that Hamid's allegations attack the <u>methods</u> by which the Defendants attempted

16

to recover the debt purchased by Unifund. This is a critical distinction that takes the majority of Hamid's case outside the purview of the *Rooker-Feldman* doctrine. Whereas the Defendants would like this Court to believe that all of the class allegations implicitly challenge state court judgments, we feel that most of the Defendants' conduct alleged in the complaint was "independent of and complete prior to" the entry of any final judgment. *Long*, 182 F.3d at 556. Specifically, Hamid contends that the FDCPA violations arose from the Defendants' pre-judgment collection activities and not from the judgments themselves. Therefore, we conclude that the *Rooker-Feldman* doctrine does not apply to those allegations affecting Class A and Class B, and we deny the Defendants' motion to dismiss those class allegations.

Nevertheless, though the *Rooker-Feldman* doctrine may not apply to Class A and Class B, we find that it is applicable to both Subclass A and Subclass B. As mentioned above, both of the putative subclasses would consist of all persons in the respective primary classes against whom Unifund had obtained a judgment on the underlying debt. We agree with the Defendants that in order to grant the subclasses the relief they seek, this Court would be forced to review each state court judgment to determine if the underlying claim was barred by a four-year statute of limitations. The Defendants are correct in noting that such scrutiny would amount to *post hoc* federal court imposition of an affirmative defense in already concluded state court litigation. As a result, the statute of limitation issue is inextricably intertwined with Subclass A and Subclass B's allegations that Unifund violated the FDCPA by obtaining state court judgments on the underlying debt.

Both parties cite to the Seventh Circuit's decision in *Long* as the definitive precedent on the issues presented in the instant motion to dismiss. In that case, the defendant obtained a judgment evicting the plaintiff from her home for non-payment of rent. 182 F.3d at 552-53. The plaintiff then

filed suit in federal court claiming that the defendants' collection efforts leading up to the judgment violated the FDCPA. *Id.* at 553. The court held that the FDCPA violations were "independent of and complete" prior to an eviction order entered in the state court. In making this determination, the court reasoned that one of the key differences between the case before it and those in which it had found that the *Rooker-Feldman* doctrine applied was that the plaintiff had been "effectively precluded from raising the claims she presented in her suit before the district court." *Id.* at 557. Specifically, the Seventh Circuit noted that the plaintiff was precluded from raising her FDCPA claims in the state court because Illinois law prevented the raising of issues not germane to the issue of possession in a forcible entry and detainer proceeding. *Id.* at 559.

The facts and circumstances in the case at bar are distinguishable from those presented in *Long*. The putative class members have not offered any arguments to convince this Court that they were denied an opportunity to assert a statute of limitations defense or their FDCPA claims during any state court proceeding. Additionally, the class members have not identified any independent barrier, like the Illinois forcible entry and detainer statute in *Long*, which precluded them from raising a statute of limitations defense in any state court debt collection action. Accordingly, the plaintiffs have failed to establish that the injury they allege is distinct and independent from the state court judgments. Instead, it is clear that the FDCPA harms alleged by the putative subclasses are a direct consequence of the state court judgments themselves, and, as a result, the *Rooker-Feldman* doctrine applies. The Defendants' motion to dismiss the allegations regarding Subclass A and Subclass B is hereby granted.

## CONCLUSION

For the foregoing reasons, we grant Hamid's motion to certify Class A and Class B as defined above. However, Hamid's motion to certify Subclass A and Subclass B is denied because of the application of the *Rooker-Feldman* doctrine. In light of these rulings, we will grant the Defendants' motion to dismiss as it relates to the subclasses but deny their motion with respect to Class A and Class B.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 30, 2001