IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mohammed U. Hamid, on behalf of himself and all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>Blatt, Hasenmiller, Leibsker & Moore, Unifund CCR Partners and Unifund Corp. )<br><br>Defendants. ) | Case No. 00 C 4511<br><br>Judge St. Eve<br><br>Magistrate Judge Brown X |

**Notice of Motion**

FILED
MAR 1 1 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To: See attached service list

PLEASE TAKE NOTICE, that on March 14, 2003 at 9:45 a.m., we shall appear before Judge Brown in Room 1812 of the Federal District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604 and then and there present the attached **Plaintiff's Motion to Compel Defendant Blatt Hasenmiller to Produce Discovery**, a copy of which is hereby served upon you.

One of the Attorneys for the Class

Dated: March 11, 2003

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604-4398
(312) 939-6280

Lance Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington St.
Suite 1805
Chicago, Illinois 60602
(312) 782-5808

DOCKETED
MAR 1 7 2003



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mohammed U. Hamid, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 00 C 4511 |
| v. | ) ) | Judge St. Eve |
| Blatt, Hasenmiller, Leibsker & Moore, Unifund CCR Partners and Unifund Corp., | ) ) ) | |
| | ) | Magistrate Judge Brown  X |
| Defendants. | ) | |

**Plaintiff's Motion to Compel
Defendant Blatt Hasenmiller to Produce Discovery**

Plaintiff moves to compel Defendant Blatt, Hasenmiller, Leibsker & Moore to produce unredacted copies of documents that Blatt produced, allegedly on privilege grounds, in redacted format:

1. A document is not covered by the attorney-client privilege unless it is a communication between a lawyer and client for the purpose of seeking legal advice, and unless it is kept confidential. See United States v. Evans, 113 F.3d 1457, 1461 (7th Cir. 1997). The law presumes that discoverable information is not privileged. See Evans, 113 F.3d at 1461 ("Because the privilege is in derogation of the search for the truth, it is construed narrowly.") Accordingly, the party asserting a privilege has the burden of showing that its privilege assertion is valid. See Evans, 113 F.3d at 1461.

2. Part and parcel to this burden is that the party asserting the privilege must produce a privilege log that contains sufficient information to enable the receiving party and the Court to evaluate the privilege assertion. See Fed. R. Civ. P. 26(b)(5). The information that the party asserting the privilege must disclose for each redacted or withheld document includes "the author

and all recipients, along with their capacities." Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 145 F.R.D. 84, 88 (N.D. Ill. 1992); see also, In re General Instr. Corp. Sec. Litig., 190 F.R.D. 527, 531 (N.D. Ill. 2000) ("The failure to provide specific and complete distribution lists with descriptions of individuals' capacities for documents is sufficient reason to order production.")

3. This information is essential to enable Plaintiff and the Court to determine whether the allegedly privileged documents were too broadly disseminated to constitute communications prepared for the purpose of legal advice and intended to be confidential. See General Instr. Corp. Sec. Litig., 190 F.R.D. at 530-31.

4. Defendant Blatt Hasenmiller redacted numerous documents it produced. The stated reason for the redactions is that the documents are covered by the attorney-client privilege.

5. Blatt has produced a privilege log for these documents, but the log is incomplete because it does not state the authors and recipients of the allegedly privileged documents, and their capacities. Plaintiff sent several letters and held several conferences with Blatt to try to get Blatt to produce a privilege log that contains this missing information. See 2/10/03, 2/24/03 and 3/3/03 Letters, attached. At the last conference, Plaintiff told Blatt that because Plaintiff was presenting this same issue to the Court as to the Unifund Defendants on March 14th, and to avoid burdening the Court with presenting the issue twice, Blatt had to resolve its noncompliance by March 11th or else Plaintiff would have to move to compel. See 3/3/03 Letter at p. 2, attached.

6. Instead of producing a complete log, Blatt faxed Plaintiff a letter on March 11th, which is attached (the letter is misdated March 10). The letter does not identify the authors and recipients, and their capacities, of each redacted or withheld document. The letter only provides incomplete general information about the capacities of the authors and recipients, and some but

2

not all of their identities. In fact, in the letter Blatt admits it does not know the author of some of the information it redacted.

7. Aside from being incomplete, in the letter Blatt tries to improperly shift the burden of updating its privilege log to Plaintiff who – if Blatt's production stops with the letter – will have to compare the letter to Blatt's log and the redacted documents to try to decipher the identities of the authors, recipients and their capacities of each redacted document (which is impossible because the letter is incomplete). This is improper because, again, it is Blatt's burden to justify the narrowly-construed attorney-client privilege; it is not Plaintiff's or the Court's burden to piece together the basis for Blatt's privilege assertions and then disprove them.

8. Blatt has neither agreed to provide a log containing the authors, recipients and their capacities of the allegedly privileged documents, nor produced it. Further, Blatt admits it cannot produce this information for some of the information it redacted, which means that it does not know whether some of its privilege assertions have any validity.

9. Because Blatt must produce the authors and recipients of the allegedly privileged documents and their capacities to justify its privilege assertions, and because it has not done so, it cannot justify its privilege assertions. This is automatic grounds for requiring production of the information that Blatt withheld on privilege grounds. See General Instr. Corp. Sec. Litig., 190 F.R.D. at 531 ("The failure to provide specific and complete distribution lists with descriptions of individuals' capacities for documents is sufficient reason to order production.")

10. Accordingly, Blatt should be ordered to produce unredacted copies of all documents it redacted and withheld on privilege grounds. Because the discovery cutoff is approaching, Blatt should be ordered to produce these documents in seven days.

3

WHEREFORE, Blatt Hasenmiller should be compelled to produce complete copies of all documents it redacted or withheld on privilege grounds within seven days.

Respectfully submitted,

_____
One of the Attorneys for the Class

Dated: March 11, 2003

James Shedden
Michael S. Hilicki
Beeler, Schad & Diamond, P.C.
332 South Michigan Avenue
Suite 1000
Chicago, IL 60604-4398
(312) 939-6280

Lance A. Raphael
Stacy M. Bardo
The Consumer Advocacy Center, P.C.
25 East Washington, Suite 1805
Chicago, IL 60602
(312) 782-5808

Christopher V. Langone
The Langone Law Firm
25 Each Washington
Suite 1805
Chicago, IL 60602
(312) 782-2000

**BEELER SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

February 10, 2003

**BY FAX: (312) 704-3001**

Jennifer Wigington
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

    Re:    <u>Hamid v. Blatt Hasenmiller and Unifund et al.</u>; No. 00 C 4511

Dear Jennifer:

    Per our discussion today, Blatt Hasenmiller's privilege logs are incomplete because they do not include all of the information the logs must include. The privilege logs must include, "all authors and recipients of the document along with their capacities, a statement of the subject matter of the [information withheld], and an explanation of the basis for withholding the document from discovery." <u>SmithKline Beecham Corp. v. Apotex Corp.</u>, 193 F.R.D. 530, 533-34 (N.D. Ill. 2000); <u>Weeks v. Samsung Heavy Indus.</u>, 1996 U.S. Dist. LEXIS 8554 at *2 (N.D. Ill. June 20, 1996); <u>Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.</u>, 145 F.R.D. 84, 88 (N.D. Ill. 1992).

    Blatt Hasenmiller's privilege logs do not list all authors and recipients of the documents, or their capacities. Accordingly, Plaintiff demands that Blatt Hasenmiller update its privilege logs to include this information. Please tell us this week when Blatt Hasenmiller will provide us with updated privilege logs containing this information or, if Blatt Hasenmiller will not update its privilege logs, please give me a call this week for a Rule 37.2 conference to try to resolve the issue.

Sincerely yours,

Michael S. Hilicki

cc:    Lance Raphael
        Christopher Langone

**BEELER SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

February 24, 2003

**BY FAX: (312) 704-3001**

Jennifer Wigington
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

Re: <u>Hamid v. Blatt Hasenmiller and Unifund et al.</u>; No. 00 C 4511

Dear Jennifer:

During our telephone discussion on February 10th, I told you that Blatt Hasenmiller's privilege log is incomplete and needs to be corrected. I faxed a follow up letter that day to explain why Blatt's privilege log is incomplete, and to demand that Blatt tell us by February 14th whether and when Blatt would provide us with a complete privilege log.

Since I did not receive a response to my letter, I spoke with you today to reiterate Plaintiff's demand for a complete privilege log. I stated that in light of the upcoming discovery cutoff, and given our earlier efforts to work this issue out with Blatt, we need Blatt to tell us this week whether and when it will provide the updated privilege log.

Based on our discussion, I understand that this week Blatt will give us an answer on the matter.

Sincerely yours,

Michael S. Hilicki

cc: Lance Raphael
Christopher Langone

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

March 3, 2003

**BY FAX: (312) 704-3001**

David Schultz
Jennifer Wigington
Hinshaw & Culbertson
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081

    Re:    <u>Hamid v. Blatt Hasenmiller, et al.</u>; No. 00 C 4511

Dear David and Jennifer:

    This is to confirm the Rule 37.2 conference we had on February 28th regarding the completeness of Blatt Hasenmiller's privilege logs, per my earlier letters to Jennifer on this issue.

    You stated that for all documents that Blatt redacted or withheld on attorney-client privilege grounds, it asserted the privilege at the behest of the Unifund Defendants, i.e., Blatt's alleged client for privilege purposes. In other words, Blatt's assertion of the privilege is purely derivative of Unifund's assertion of it. You further stated that Blatt Hasenmiller will retract its privilege assertion to the extent that Unifund Defendants are willing to wave it.

    Nevertheless, unless and until Unifund waives the privilege, the fact remains that Blatt withheld and redacted documents on privilege grounds and Plaintiff has not been given a complete privilege log to justify the privilege. Per my earlier letters, it is Blatt's burden to justify the privilege if it is going to assert it as to documents it is has redacted or withheld – regardless of whether it is asserting the privilege on its own behalf or on behalf of Unifund. If Blatt does not produce a complete privilege log as to these documents, the privilege is waived.

    We discussed whether there is any way that Blatt could update its log without including all of the information to which Plaintiff is entitled under Federal Rule 26(b)(5). I said we would consider any proposal Blatt wants to make, but that we can only accept a proposal that does not inhibit Plaintiff's ability to evaluate Blatt's privilege assertions. Although we did not come up with any solutions during our discussion, I invited Blatt to give us a proposal in writing.
David Schultz

Jennifer Wigington
March 3, 2003
Page 2

    I also stated that because this issue is being presented to Judge Brown for resolution as to Unifund on March 14th in connection with Plaintiff's second motion to compel and for sanctions against Unifund, and because we want to avoid burdening the Court and the parties with presenting this issue to the Court on separate occasions for different defendants, we will have to notice a motion to compel against Blatt on this issue for the 14th if we cannot come to an understanding. Under Judge Brown's rules, we must file any such motion by March 11th, so this issue must be resolved as to Blatt before that date.

    Please give us any proposal Blatt wishes to make as soon as possible. In it please include the date by which you propose that Blatt will produce the information. If Blatt cannot come up with a proposal, then per my earlier correspondence we still need to know whether and when Blatt intends to produce a privilege log that includes all of the information required by Federal Rule 26(b)(5). We will need to know that before March 11th as well.

Sincerely yours,

Michael S. Hilicki

cc: Lance Raphael
      Christopher Langone

# HINSHAW & CULBERTSON
## ATTORNEYS AT LAW

BELLEVILLE, ILLINOIS
CHAMPAIGN, ILLINOIS
CHICAGO, ILLINOIS
CRYSTAL LAKE, ILLINOIS
JOLIET, ILLINOIS
LISLE, ILLINOIS
PEORIA, ILLINOIS
ROCKFORD, ILLINOIS
SPRINGFIELD, ILLINOIS
WAUKEGAN, ILLINOIS
PHOENIX, ARIZONA

222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000
Facsimile 312-704-3001
www.hinshawculbertson.com

DSchultz@hinshawlaw.com

LOS ANGELES, CALIFORNIA
SAN FRANCISCO, CALIFORNIA
FT. LAUDERDALE, FLORIDA
JACKSONVILLE, FLORIDA
MIAMI, FLORIDA
TAMPA, FLORIDA
SCHERERVILLE, INDIANA
MINNEAPOLIS, MINNESOTA
ST. LOUIS, MISSOURI
NEW YORK, NEW YORK
APPLETON, WISCONSIN
MILWAUKEE, WISCONSIN

WRITER'S DIRECT DIAL
312-704-3527

FILE NO. 818727

March 10, 2003

**Via Fax 312-939-4661**
Michael Hilicki
BEELER, SCHAD & DIAMOND
332 South Michigan Avenue
Suite 1000
Chicago, IL 60604

Re: Hamid v. Blatt, Hasenmiller
Case No. 00 C 4511

Dear Mr. Hilicki:

You have requested that Blatt Hasenmiller update its privilege logs, one prepared by Blatt Hasenmiller's prior counsel, and the second prepared by our office to include "all authors, recipients of the documents, or their capacities". We received this request on February 10, 2003 and subsequently had a Rule 37.2 conference on February 28, 2003 regarding your request. We agreed to look at the redactions and attempt to determine which individuals or class of individuals had access to the information at Blatt Hasenmiller's end.

As you are aware, the redactions made for the first batch of documents produced were made by Blatt Hasenmiller's prior counsel at the instruction of Unifund. Based on our review of these documents, there are two main classes of documents that have been redacted: (1) Unifund Legal Write Up forms or transmittals and (2) Blatt Hasenmiller's internal system notes.

The system notes redacted in the first batch of documents all contain initials next to the redaction. The initials identify the author of that particular note. The system notes are internal. Unifund did not have access to Blatt Hasenmiller's internal collection notes and there is thus no recipient of the note, although some of the notes memorialize conversations or correspondence sent by Blatt Hasenmiller to Unifund.

As to the Unifund transmittals, the authors of those documents would be known by Unifund. They do not contain an individual author identity. Those Blatt Hasenmiller employees

Michael Hilicki
March 10, 2003
Page 2

with access to the transmittals were mainly attorneys, paralegals, legal clerks and client services clerks that worked the file.

Our offices produced a second batch of documents, R 0001- R 0646 in December, 2002. The documents redacted by our office in the December, 2002 document production are Blatt Hasenmiller's internal collection notes. We prepared a Supplemental Privilege Log which followed the redactions and format of the privilege log prepared by prior counsel.

Each entry of our Supplemental Privilege Log contains the description "Blatt Hasenmiller's system notes". Each entry in our Supplemental Privilege log describes a note entered into Blatt Hasenmiller's internal system. Accordingly, for each entry redacted in the Supplemental Privilege Log there was no recipient, since as previously stated, Unifund did not have access to Blatt Hasenmiller's internal computer system.

Blatt Hasenmiller's collection notes on their face disclose the initials of each person who made an entry to the notes. We recognize that some of the initials may have been redacted for entries contained in the privilege log. We will make those initials and names available if you actually need them. For example, the author of the note on R 0008 was "SXW", Shirley Wilson, a clerk in client services. The author of entry R 0026 has initials "RSW", Rhonda S. Gray, an attorney. The author of entries R 0054, R 0055 was "KRW", Kenneth Wake, an attorney. The author of entry R0056 was "DLM", a former employee. The author of entry R 0100 was "BXH", Bertha Hernandez, a legal clerk. Although each entry has corresponding initials, there is no "author" per se of the collection notes. Furthermore, as previously stated, all entries are collection notes such as would appear on a computer screen. We a current list of initials and corresponding names for Blatt Hasenmiller's current employees if you need them.

It is unclear what purpose is served by identifying the initials corresponding to each note. Please advise us if this is necessary for some reason. If there are particular entries that you need the person's identity, please advise us of that. If you have any questions in this regard please call me.

Very truly yours,

HINSHAW & CULBERTSON

By: _____
David Schultz

JW:jlw

cc: Dan Shapiro

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

## FACSIMILE COVER SHEET

**TO:**     **David Schultz**
FAX #:   (312) 704-3001
FROM:   Michael Hilicki
DATE:    March 11, 2003

PAGES (including cover sheet):  13

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL AS SOON AS POSSIBLE FOR RETRANSMISSION.**
❖❖❖

**Re:  Hamid v. Blatt, Hasenmiller, et al.**

COMMENTS:    See attached motion.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

## MESSAGE CONFIRMATION

03/11/03 14:27
ID=BEELER SCHAD & DIAMOND

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|---|---|---|---|---|---|---|
| 03/11 | 03'58" | 7043001 | CALLING | 13 | OK | 0000 |

03/11/03   14:21   BEELER SCHAD & DIAMOND → 7043001                      NO.093   P01

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

### FACSIMILE COVER SHEET

**TO:** David Schultz
**FAX #:** (312) 704-3001
**FROM:** Michael Hilicki
**DATE:** March 11, 2003

PAGES (including cover sheet): 13

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

## FACSIMILE COVER SHEET

| | |
|---|---|
| **TO:** | **Dan Shapiro** |
| FAX #: | (312) 332-2196 |
| FROM: | Michael Hilicki |
| DATE: | March 11, 2003 |

PAGES (including cover sheet): 13

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL AS SOON AS POSSIBLE FOR RETRANSMISSION.



**Re: Hamid v. Blatt, Hasenmiller, et al.**

**COMMENTS:** See attached motion.

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS ATTORNEY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

**IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.**

## MESSAGE CONFIRMATION

03/11/2003 14:38
ID=BEELER SCHAD DIAMOND

| DATE | S,R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | |
|---|---|---|---|---|---|---|
| 03/11 | 03'34" | 312 332 2196 | CALLING | 13 | OK | 0000 |

03/11/2003    14:31    BEELER SCHAD DIAMOND → 3322196    NO.404    P01

**BEELER, SCHAD & DIAMOND, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
(312) 939-6280
(312) 939-4661 Facsimile

### FACSIMILE COVER SHEET

**TO:** **Dan Shapiro**
**FAX #:** (312) 332-2196
**FROM:** Michael Hilicki
**DATE:** March 11, 2003

PAGES (including cover sheet): 13

## CERTIFICATE OF SERVICE

I, Michael S. Hilicki, certify that I caused a copy of the attached **Plaintiff's Motion to Compel Defendant Blatt Hasenmiller to Produce Discovery** to be served on the people at the addresses below by the method indicated on March 11, 2003, before 5:00 p.m.

_____
Michael S. Hilicki

## SERVICE LIST

Dan Shapiro **(by fax)**
Susan Kane
Goldberg Kohn Bell Black
    Rosenbloom & Moritz Ltd.
55 E. Monroe St
Suite 3700
Chicago, IL 60603
(312) 332-2196

David Schultz **(by fax)**
Hinshaw & Culbertson
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
(312) 704-3001